UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| NATHANIEL J. DAVIS, JR., | ) |
| Plaintiff, | ) Case No. C09-1504-MJP-BAT |
| v. | ) **REPORT AND** |
| STATE OF WASHINGTON et al., | ) **RECOMMENDATION** |
| Defendants. | ) |

On October 21, 2009, plaintiff Nathaniel James Davis, Jr. presented to this Court for filing a civil rights complaint under 42 U.S.C. § 1983 together with an application to proceed with this action *in forma pauperis*. Plaintiff identified six claims in his complaint, all of which were very difficult to discern. Plaintiff's first three claims appeared to arise out of criminal actions filed against him in King County Superior Court in 2004 and 2005. However, plaintiff failed to make clear the precise nature of his complaints against the defendants identified in those claims. Plaintiff appeared to allege in his fourth and fifth claims that corrections counselors at the Olympic Corrections Center and the Clallam Bay Corrections Center refused to release him from custody. However, plaintiff failed to make clear why he believed he was entitled to release from custody. Plaintiff's sixth claim appeared to have something to do with the Education Department at the Clallam Bay Corrections Center but, again, plaintiff failed to make clear the

REPORT AND RECOMMENDATION- 1

precise nature of his complaint.

On November 13, 2009, plaintiff's application for leave to proceed *in forma pauperis* was granted and his complaint was filed. (*See* Dkt. Nos. 3 and 4.) On the same date, this Court issued an Order declining to serve plaintiff's complaint and granting him leave to file an amended complaint. (Dkt. No. 6.) Plaintiff was advised in that Order that his complaint could not be served on defendants because the precise nature of his claims was not clear and because his first five claims appeared to constitute a challenge to the fact or duration of his present confinement. (*Id*. at 2-3.) Plaintiff was further advised that if he wished to proceed with this action, he would have to: (1) clearly identify the name, official position, and place of employment of each intended defendant; (2) clearly identify what constitutional right he believed was violated by the conduct of each of the named defendants; (3) allege specific facts demonstrating how each individual defendant personally participated in causing him harm of constitutional dimension; and, (4) demonstrate that his first five claims were not barred by *Heck v. Humphrey*, 512 U.S. 477 (1994). (*Id*.) Plaintiff was given thirty days within which to file an amended complaint curing the noted deficiencies. (*Id*. at 3.)

On December 1, 2009, the Court received from plaintiff a document entitled "Statement of Claim for Habeas Corpus Petition." (*See* Dkt. No. 7.) A review of that document suggests that it was filed in response to this Court's November 13, 2009, Order granting plaintiff leave to file an amended complaint. Unfortunately, plaintiff's amended pleading contains most of the same basic defects as were identified in his original complaint. The amended pleading does not clearly identify who caused the harm alleged in the complaint and, in the instances where a specific individual is identified, there are insufficient facts alleged to demonstrate that those individuals caused plaintiff any harm of constitutional dimension.

REPORT AND RECOMMENDATION- 2

1   As plaintiff's amended pleading does not adequately correct the deficiencies identified by
2 the Court in its prior Order, this Court recommends that plaintiff's amended complaint, and this
3 action, be dismissed without prejudice pursuant to § 1915(e)(2)(B).  A proposed order
4 accompanies this Report and Recommendation.
5   DATED this 26th day of March, 2010.

/s/ BRIAN A. TSUCHIDA
BRIAN A. TSUCHIDA
United States Magistrate Judge

REPORT AND RECOMMENDATION- 3